IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Brian Baker, a Washington resident,

    Plaintiff,

vs.

G&I VII Redmond Retail LLC, a Delaware limited liability company,

    Defendant.

NO.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW, Plaintiff, Brian Baker, by and through his attorneys, Conrad A. Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, for his Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I. OVERVIEW

1. The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination (the "WLAD") require places of public accommodation to be accessible to people with disabilities.

2. The Redmond Saturday Market location, at or near 7730 Leary Way in Redmond, Washington, is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181, and its implementing regulation, 28 C.F.R. § 36.104.

Complaint for Declaratory and Injunctive Relief

Page 1 of 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

3. Despite ADA requirements, routes into and within the Redmond Saturday Market location are not wheelchair accessible.

4. Defendant G&I VII Redmond Retail LLC discriminates against individuals with disabilities because it owns a property as a place of public accommodation that does not comply with ADA laws and regulations.

5. Therefore, Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant G&I VII Redmond Retail LLC against persons with mobility disabilities.

## II. PARTIES

6. Plaintiff Brian Baker is a Redmond, Washington resident who resides in this district and travels throughout the Redmond area on a regular basis.

7. Mr. Baker is limited in the major life activity of walking and uses a wheelchair and modified van for transportation.

8. Mr. Baker requires paths of travel in compliance with the ADA Standards in order to safely and comfortably patronize places of public accomodation, like the Redmond Saturday Market.

9. Mr. Baker most recently patronized or attempted to patronize the Redmond Saturday Market at Defendant's Property in July of 2018, and plans to return once accessibility barriers are corrected.

10. Defendant G&I VII Redmond Retail LLC ("Defendant") is a Delaware limited liability company and leases the property at or near 7730 Leary Way in Redmond, Washington (the "Property") to the non-profit Redmond Saturday Market.

Complaint for Declaratory and Injunctive Relief

Page 2 of 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

### III. JURISDICTION AND VENUE

11. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

12. This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

13. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

14. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the Property that is the subject of Plaintiff's Complaint for Injunctive Relief and Damages sits within this district.

### IV. FACTUAL ALLEGATIONS

15. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

16. Mr. Baker used his power wheelchair, albeit at personal risk to himself due to existing accessibility barriers, to visit the Property to attend the Saturday market.

17. When Mr. Baker's power wheelchair is unusable, he cannot visit the market because it is unsafe or impossible in a manual wheelchair due to the loose gravel and uneven surface.

18. Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 2010 ADA Standards for Accessible Design ("2010 Standards") or the

Complaint for Declaratory and Injunctive Relief

Page 3 of 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1991 ADA Standards for Accessible Design ("1991 Standards").

19. Accessible routes must be provided between the site arrival points and the elements within the sight. § 206.2 of the 2010 Standards; § 4.3.2 of the 1991 Standards.

20. Accessible routes must be "stable, firm, and slip resistant" and may have running slope no steeper than 5% (1:20), and cross slope no steeper than 2.083% (1:48). §§ 402 and 302.1 of the 2010 Standards and §§ 4.5.1 and 4.3.7 of the 1991 Standards.

21. The walking surface at the Property is covered in gravel.

22. Saturday Market patrons must travel on the gravel surface from the entrances to market stalls.

23. Gravel is not stable, firm, and slip resistant.

24. "[S]urfaces such as shag carpet, loose sand or gravel, wet clay, and irregular surfaces such as cobblestones can significantly impede wheelchair movement." § A4.5.1 of the 1991 standards.

25. Mr. Baker requires a stable, firm, and slip resistant travel surface to be able to navigate the market without getting stuck.

26. Changes in level along the accessible route may not exceed 1/4 inches. §§ 403.4 and 303 of the 2010 Standards and § 4.5.2 of the 1991 standards.

27. The path of travel at the Property contains numerous changes in level exceeding 1/4 inch.

28. The accessible route at the Property does not meet the slope and change in level requirements under the ADA due to numerous bumps, ridges, dips, holes, etc.

29. As of the filing of this complaint no alterations have been made to address accessibility barriers at the Property.

Complaint for Declaratory and Injunctive Relief

Page 4 of 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

30. Defendant's Property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

31. Defendant's failure to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment of the Redmond Saturday Market.

## V. FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

32. Mr. Baker incorporates by reference the allegations in the paragraphs above.

33. Mr. Baker is limited in the major life activity of walking and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

34. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

35. Defendant G&I VII Redmond Retail LLC owns the property where the Redmond Saturday Market is located.

36. The Redmond Saturday Market location contains stalls selling food and drink and other retail goods and is therefore a place of public accommodation. 42 U.S.C. § 12181(7).

37. Defendant has discriminated against Plaintiff on the basis of his disability.

38. Defendant's discriminatory conduct includes but is not limited to:

   a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

Complaint for Declaratory and Injunctive Relief

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Page 5 of 9

  b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded to non-disabled individuals;

  c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

  d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

  e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

39. Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

40. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Mr. Baker, and the harm continues.

41. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Baker to declaratory and injunctive relief. 42 U.S.C. § 12188.

42. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Baker to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

Complaint for Declaratory and Injunctive Relief

Page 6 of 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

## VI. SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

43. Mr. Baker incorporates by reference the allegations in the paragraphs above.

44. Mr. Baker is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

45. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . "

46. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

47. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

48. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Baker has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

49. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Mr. Baker the full and equal enjoyment of services that the

Complaint for Declaratory and Injunctive Relief

Page 7 of 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Washington Law Against Discrimination requires.

50. Mr. Baker has a clear legal right to access the Redmond Saturday Market on Defendant's property under the Washington Law Against Discrimination.

51. Mr. Baker has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

52. Defendant's property does not comply with ADA accessibility laws and regulations.

53. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

54. Pursuant to RCW § 49.60.030(2), Mr. Baker is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Mr. Baker respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant G&I VII Redmond Retail LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

Complaint for Declaratory and Injunctive Relief

Page 8 of 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

4. Award Mr. Baker reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Mr. Baker for violations of his civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 30th day of July, 2019

By:

| s/ Michael Terasaki | s/ Conrad Reynoldson |
|---|---|
| Michael Terasaki | Conrad Reynoldson |
| WSBA# 51923 | WSBA# 48187 |
| terasaki@wacda.com | conrad@wacda.com |
| (206) 971-1124 | (206) 876-8515 |

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorneys for Plaintiff Brian Baker*

Complaint for Declaratory and Injunctive Relief

Page 9 of 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558